**Wayne Thomas JOHNSON, Plaintiff,**

v.

**Sue MEDFORD, Head Nurse at Marion Correctional Institution (MCI) Sidney Hackleroad, Supt. at MCI; Angela Twitty, Correctional Officer at MCI; and Jane Doe, Correctional Officer at MCI, Defendants.**

**No. 1:02CV1–MU–02.**

United States District Court, W.D. North Carolina.

Feb. 26, 2002.

Wayne Thomas Johnson, Marion, NC, pro se.

## *ORDER*

MULLEN, Chief Judge.

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights form-Complaint under 42 U.S.C. § 1983, filed January 2, 2002, amended January 18, 2002.

According to the original and amended documents, the plaintiff alleges that he suffers from fallen arches; and that he has been subjected to deliberate indifference to that condition by virtue of his not being promptly scheduled for an appointment with a podiatrist. The plaintiff also alleges that defendant Hackleroad violated his constitutional rights on the basis of his denial of plaintiff's request to take a particular correspondence course for paralegal training. The plaintiff further alleges that defendant Twitty has subjected him to racial discrimination by having removed from his list of approved visitors the name of the only person who ever visits him.

Finally, the plaintiff alleges that he is being sexually harassed by defendant Doe, who has come to his cell at night and made sexual gestures toward him.

By way of relief, the plaintiff seeks nearly $100,000.00 in compensatory and punitive damages from the defendants, along with other declaratory and injunctive relief. However, even a cursory review of the plaintiff's allegations reflect that the Complaints must be summarily dismissed for several critical reasons.

First, to state a claim for deliberate indifference, the plaintiff must first demonstrate that the medical condition from which he reportedly suffers is a serious one. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir.1998). Here, however, the plaintiff alternatively describes his health problem as one of "fallen arches" and "flat feet," neither of which descriptions suggest a serious medical condition. Thus, the plaintiff has failed even to set forth a valid claim for relief in this regard.

Moreover, while the plaintiff has named Nurse Medford as a defendant to this action, he has failed to set forth a single allegation which describes any direct involvement by this defendant. Indeed, the plaintiff has not even hinted at any basis for the Court to conclude that she even is aware of his desire to schedule an appointment with a specialist, or that she somehow is responsible for precluding the scheduling of such an appointment. Rather, by his Complaint, the plaintiff merely alleges that in October 2001 he was seen by a doctor for his feet problems, at which time he requested an appointment with a podiatrist; and that the doctor advised that the Jail's Medical Department would schedule the appointment for plaintiff. Consequently, this allegation is wholly insufficient to state a claim against defendant Medford.

Second, the Court has concluded that the plaintiff has failed to state a claim for relief on the basis of his allegation against defendant Hackleroad. That is, even assuming that Hackleroad did deny plaintiff's request to take a correspondence course, such denial, without more, simply does not violate any of the plaintiff's Constitutional rights. On the contrary, it is well settled that an inmate of a state prison does not have a constitutional right to an education. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Therefore, this allegation is insufficient to state a valid claim.

Third, regarding the vague allegation against defendant Twitty, the Court also finds that plaintiff has failed to state a claim for relief. Indeed, it goes without saying that in order to state a claim for racial discrimination, the plaintiff must at least go beyond mere conclusory assertions that a particular action was taken because the defendant is of a race which is different from the plaintiff's. *Chapman v. Reynolds*, 378 F.Supp. 1137, 1139 (W.D.Va.1974) (mere conclusory allegations of discrimination fail to state a claim). Moreover, it is well settled that neither prisoners nor their would-be visitors have a constitutional right to prison visitation. *White v. Keller*, 438 F.Supp. 110, 115 (D.Md.1977). Accordingly, this otherwise insufficient allegation would be subject to summary dismissal in any event.

Finally, the plaintiff's allegation that a female guard has subjected him to cruel and unusual punishment and a violation of his Fourteenth Amendment rights by peeping through the window of his cell and making unspecified obscene gestures at him, without more, does not allege a claim for relief. *See* 42 U.S.C. § 1997(e)(e), authorizing the dismissal of an inmate's claim for sexual harassment

under § 1983 when there is no allegation of physical injury.

**NOW, THEREFORE, IT IS OR-DERED** that the instant Complaint is **DISMISSED** for failure to state a claim for relief. 28 U.S.C.1915A(b)(1).